FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2006 SEP 22 A 10: 15
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

WILLIE E. HARPER,

    Plaintiff,

vs.  :  CIVIL ACTION NO.: CV605-076

Lt. BYRD; Officer REGISTER,
and JOHN DOE,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Clayton Transitional Center in Atlanta, Georgia, filed a 42 U.S.C. § 1983 action contesting the conditions of his confinement while he was incarcerated at Rogers State Prison. Defendant Byrd ("Byrd") filed a Motion to Dismiss[1]. Plaintiff responded. Byrd filed a Reply. For the reasons which follow, Byrd's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff, through counsel, asserts that he "was brutally beaten, kicked and repeatedly brutalized about his head, face, and body by Defendant Sergeant Burns, Defendant Officer Byrd, Defendant Officer Register, and Defendant Officer John Doe." (Compl., ¶ 6.) Plaintiff contends that he was issued a fabricated Disciplinary Report for assaulting an officer and was transferred to Georgia State Prison.

---

[1] Byrd filed a Motion to Dismiss in which he adopted Defendant Collins' Motion to Dismiss, as well as Collins' Reply. Plaintiff filed a Response to Collins' Motion, which he incorporated as his Response to Byrd's Motion.

Byrd contends that Plaintiff fails to state a claim under 18 U.S.C. §§ 2340, *et seq.*, and the Georgia Constitution. Byrd also contends that Plaintiff failed to exhaust his administrative remedies.

## STANDARD OF DETERMINATION

A motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should not be granted "'unless it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.'" Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957)); accord Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir. 1996). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406, 122 S. Ct. 2179, 2182, 153 L. Ed. 2d 413 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Christopher, 536 U.S. at 406, 122 S. Ct. at 2182. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)).

AO 72A
(Rev. 8/82)

## **DISCUSSION AND CITATION TO AUTHORITY**

Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 ("PLRA"), sets forth the procedures a prisoner must follow to access the courts. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998)). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

Byrd alleges that the Georgia Department of Corrections adopted a three-step grievance process. The first step required an inmate to file an informal grievance, and these forms were available in the prison control rooms and from a counselor or officer on duty for those inmates in the Special Management Unit. If dissatisfied with the Warden's response to the informal grievance, an inmate could file a formal grievance. If the inmate were still dissatisfied with the response, he could file an appeal with the Central Office.

AO 72A
(Rev. 8/82)

Byrd asserts that Plaintiff filed six (6) grievances from August 2002 through February 2005 and that none of these grievances addressed allegations of the excessive use of force at Rogers State Prison. (Doc. No. 4, p. 17.)

Plaintiff contends that he filed a grievance on July 27, 2004, which was rejected the same day because he wrote on the bold line and because the grievance was not the green copy. Plaintiff also contends that he asked for another grievance but was told that it was filed out of time. Plaintiff further contends that he filed another grievance on November 10, 2004, but the Grievance Coordinator rejected it.

Byrd asserts that Plaintiff filed an informal grievance on July 26, 2004, and it was rejected and returned to Plaintiff the following day due to Plaintiff's failure to follow the rules for filing a grievance. Byrd alleges that Plaintiff had three days remaining in which to file an informal grievance properly but did not do so; instead, Byrd contends, Plaintiff waited almost four months to file another informal grievance on this issue and did not explain his delay. As a result, Byrd also contends, Plaintiff's second informal grievance was denied as being out-of-time. Byrd further contends that Plaintiff did not file a formal grievance concerning this finding. Byrd avers that Plaintiff could have filed an out-of-time grievance and that the grievance form provided a space for an inmate to explain his tardiness in filing a grievance. (Doc. No. 9, p. 2.)

Sarah Draper, the Manager of the Office of Investigations and Compliance for the Georgia Department of Corrections, provided affidavits in support of Byrd's contentions. In her affidavits, Draper states that an informal grievance was to be filed no later than ten

4

(10) calendar days[2] from the date the inmate knew, or should have known, of the facts giving rise to the grievance; a written response would be provided within ten (10) calendar days of receipt of the informal grievance. Formal grievance forms were to be filed within five (5) business days from the date the inmate received written resolution of an informal grievance. (Doc. No. 9, Ex. 1, ¶¶ 9-10.) Draper asserts that Plaintiff filed six (6) grievances from August 2002 to February 2005 and that none of these grievances pertained to an assault by officers at Rogers State Prison. (Doc. No. 11, ¶¶ 15 and 17.) Draper also asserts that Plaintiff failed to file an out-of-time or an emergency grievance against the officers at Rogers State Prison after he was transferred to Georgia State Prison. (Doc. No. 11, ¶ 15.)

A review of Plaintiff's "Inmate Grievance History" shows that he filed two grievances in 2004 and one grievance in 2005. (Doc. No. 9, Ex. 1, Att. 2.) A review of the exhibits Plaintiff submitted reveals that he filed an informal grievance on July 26, 2004, and alleged that he was assaulted while he was being processed at Rogers State Prison. This informal grievance was rejected the next day because Plaintiff "wrote outside space provided for incident <wrote on bold line>" and because the "grievance not green copy." (Doc. No. 8, Exs. A-B.) Plaintiff filed another informal grievance pertaining to this incident in November 2004 while he was incarcerated at Georgia State Prison. This informal grievance was rejected because it was "filed out of time frame." (Doc. No. 8, Exs. C-D.) Nothing before the Court suggests that Plaintiff filed a formal grievance explaining why his second informal grievance was filed out-of-time. Thus, it appears that Plaintiff failed to exhaust his

---

[2] Plaintiff actually had eight (8) days from the rejection of his informal grievance to file another informal grievance rather than the three (3) days Byrd contends he had.

5

available administrative remedies pertaining to the alleged assault on July 20, 2004, prior to filing his Complaint.

It is unnecessary to address the remaining grounds of Byrd's Motions.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant Byrd's Motion to Dismiss (Doc. No. 28) be **GRANTED**, and that Plaintiff's claims against Defendant Byrd be **dismissed**, without prejudice, due to Plaintiff's failure to exhaust his available administrative remedies prior to filing his Complaint.

**SO REPORTED** and **RECOMMENDED**, this 22nd day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE